IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD SECRETAN,

    Plaintiff,                    No. CIV S-08-1092 MCE GGH P

    vs.

BPH/CDCR, et al.,

    Defendants.             ORDER

/

        Plaintiff, a state prisoner at Wasco State Prison, has filed a document styled "Notice of federal civil right suit," wherein plaintiff appears to be challenging a parole revocation, wherein he alleges that he was denied his due process rights, citing Valdivia v. Schwarzenegger, Case CIV S 94-0671 LKK GGH P[1] Although plaintiff styles himself as such, it is unclear to the court whether he purports to bring a separate civil rights action alleging an unconstitutional state parole revocation system or whether he seeks to challenge his particular revocation decision.

> Federal law opens two main avenues to relief on complaints related
> to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254,
> and a complaint under the Civil Rights Act of 1871, Rev. Stat.
> 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of
> any confinement or to particulars affecting its duration are the

---

[1] See also, Valdivia v. Schwarzenegger, __ F. Supp.2d ___, 2008 WL 793791 (E.D. Cal. March 25, 2008).

1

province of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ....

<u>Muhammad v. Close</u>, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

Of course, the Supreme Court has clarified, for example, that where prisoners sought the invalidation of state procedures used to deny parole suitability or eligibility, but did not seek an injunction ordering their immediate release from prison, their claims were cognizable under 42 U.S.C. § 1983. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 125 S. Ct. 1242, 1248 (2005).

To the extent that plaintiff, evidently a parolee, is a class member of the <u>Valdivia</u> class action brought by parolees, he is advised that individual class members are generally barred from pursuing individual lawsuits seeking equitable relief that is within the subject matter of the class action. <u>Gillespie v. Crawford</u>, 858 F.2d 1101, 1102-03 (5th Cir. 1988); <u>McNeil v. Guthrie</u>, 945 F.2d 1163, 1165 (10th Cir. 1991); <u>see also</u>, <u>Stringham v. Lee</u>, 2007 WL 2559284 * 1 (E.D. Cal. 2007).

The court will dismiss this filing to afford plaintiff the opportunity to file either a petition for writ of habeas corpus, under 28 U.S.C. § 2254, or an amended civil rights action, pursuant to 42 U.S.C. § 1983. In addition, as either plaintiff or petitioner, the appropriate filing fee[2] or an application requesting leave to proceed in forma pauperis, must also be filed.[3] <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's May 19, 2008 Notice of federal civil right suit, is dismissed with leave to amend to file either an amended civil rights complaint, per 42 U.S.C. § 1983, or a petition for writ of habeas corpus, per 28 U.S.C. § 2254, within thirty days;

2. Plaintiff shall also submit, within thirty days from the date of this order, the

---

[2] The filing fee for a civil rights action is $350.00; the filing fee for a habeas petition is $5.00.

[3] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.

2

application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $350.00 (amended complaint) or $5.00 (petition), as appropriate. Plaintiff's failure to comply with this order will result in a recommendation that this matter be dismissed; and

        3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action, a habeas petition, and the application to proceed in forma pauperis by a prisoner.

DATED: 06/24/08

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
secr1092.nocompl