IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD SECRETAN,

    Plaintiff,                    No. CIV S-08-1092 MCE GGH P

    vs.

BPH/CDCR, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        By Order, filed on 6/24/08, the court dismissed plaintiff's filing with leave to amend to file either a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, or a civil rights action, pursuant to 42 U.S.C. § 1983, along with an in forma pauperis affidavit or the appropriate filing fee.[1] Plaintiff, a state prisoner at Wasco State Prison, had filed a document styled "Notice of federal civil right suit," wherein plaintiff appeared to be challenging a parole revocation, alleging denial of his due process rights, citing Valdivia v. Schwarzenegger, Case CIV S 94-0671 LKK GGH P.[2] Plaintiff's filing was dismissed because it was unclear whether plaintiff intended to bring a separate civil rights action alleging an unconstitutional state parole

---

[1] Although plaintiff has not as yet filed a completed in forma pauperis affidavit, because the court finds this matter should be summarily dismissed, the court, on this occasion, will not assess a filing fee.

[2] See also, Valdivia v. Schwarzenegger, __ F. Supp.2d ___, 2008 WL 793791 (E.D. Cal. March 25, 2008).

1

revocation system or whether he sought to challenge his particular revocation decision.

Plaintiff has subsequently filed a civil rights action, challenging his particular parole revocation hearing at Santa Barbara County Jail, wherein he was allegedly denied his Sixth Amendment right to confront/cross-examine adverse witnesses. Plaintiff seeks relief in the form of "a settlement & release agreement." Amended Complaint, p. 3. Therefore, plaintiff is not challenging the constitutionality of the state parole revocation process, but rather expressly seeks his own immediate release from prison based on what occurred at his parole revocation hearing, making clear that he may not proceed in this civil rights action, pursuant to 42 U.S.C. § 1983. See Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242, 1248 (2005). Plaintiff was also previously cautioned that to the extent that he is a class member of the Valdivia class action brought by parolees, individual class members are generally barred from pursuing individual lawsuits seeking equitable relief that is within the subject matter of the class action. Gillespie v. Crawford, 858 F.2d 1101, 1102-03 (5th Cir. 1988); McNeil v. Guthrie, 945 F.2d 1163

Moreover, to the extent that plaintiff may be seeking money damages as well as immediate injunctive relief, this action appears to be barred by In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance

of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
bearing that relationship to a conviction or sentence that has <u>not</u>
been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  <u>Id.</u>

Where plaintiff remains incarcerated and seeks money damages for constitutionally deficient parole revocation hearing procedures, he must first successfully challenge the revocation procedures by way of a habeas corpus petition and demonstrate that the revocation has been invalidated.   <u>See</u> <u>Spencer v. Kemna</u>, 523 U.S. 1, 118 S. Ct. 978 (1998); Guerrero v. Gates, 442 F.3d 697, 704-705 (9th Cir. 2006).

As plaintiff was previously informed:

Federal law opens two main avenues to relief on complaints related
to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254,
and a complaint under the Civil Rights Act of 1871, Rev. Stat.
1979, as amended, 42 U.S.C. 1983.  Challenges to the validity of
any confinement or to particulars affecting its duration are the
province of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475,
500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ....

<u>Muhammad v. Close</u>, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

The court takes judicial notice[3] that, subsequent to the filing of this action, plaintiff filed a habeas petition challenging the constitutionality of the procedures of the parole revocation hearing at issue herein.  <u>See</u> <u>Secretan v. Warden</u>, CIV-S-08-1459 GGH P.  This putative civil rights complaint should be summarily dismissed as premature.

Accordingly, IT IS HEREBY RECOMMENDED that this action be summarily dismissed.

---

[3] Judicial notice may be taken of court records.  <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir.), <u>cert.</u> <u>denied</u>, 454 U.S. 1126 (1981).

1    These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, plaintiff may file written
4  objections with the court.  Such a document should be captioned "Objections to Magistrate
5  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
6  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
7  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8  DATED: 07/21/08

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
secr1092.fr